ACCEPTED
04-15-00069-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/16/2015 9:12:23 AM
KEITH HOTTLE
CLERK

## NO. 04–15-00069-CV

# In the Fourth Court of Appeals,
# San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/16/2015 9:12:23 AM
KEITH E. HOTTLE
Clerk

Texas Municipal League Joint Self-Insurance Fund *a/k/a*
The Texas Municipal League Intergovernmental Risk Pool
*Appellant*
vs.

Housing Authority of the City of Alice, Texas
*Appellee*

Appeal from the 79th Judicial District Court
Jim Wells County, Texas, No. 14-10-53721-CV
The Honorable David Sanchez, Presiding Judge

## APPELLANT'S BRIEF

Barry Abrams
State Bar No. 00822700
Jack W. Higdon
State Bar No. 24007360
BLANK ROME LLP
700 Louisiana, Suite 4000
Houston, TX 77002-2727
(713) 228-6601
(713) 228-6605 (Fax)

ATTORNEYS FOR APPELLANT
TEXAS MUNICIPAL LEAGUE JOINT
SELF-INSURANCE FUND *A/K/A* THE TEXAS
MUNICIPAL LEAGUE INTERGOVERNMENTAL
RISK POOL

## ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:** Texas Municipal League Joint Self-insurance Fund *a/k/a* The Texas Municipal League Intergovernmental Risk Pool

**Appellant Counsel:** Barry Abrams
State Bar No. 00822700
Babrams@BlankRome.com
Jack W.  Higdon
State Bar No. 24007360
Jhigdon@BlankRome.com
BLANK ROME LLP
700 Louisiana, Suite 4000
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (Fax)

**Appellee:** Housing Authority of Alice, Texas

**Appellee Counsel:** Anthony Constant
State Bar No. 04711000
afc@contantlawfirm.com
CONSTANT LAW FIRM
One Shoreline Plaza
800 N. Shoreline Blvd, Suite 2700 South
Corpus Christi, Texas 78401
(361) 698-8000
(381) 887-8010 (Fax)

Page

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

I.   STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   1.   Because it is a governmental unit with retained governmental immunity
        from suit and liability, the Risk Pool filed a plea to the trial court's
        jurisdiction, asserting that the trial court lacked subject matter
        jurisdiction to consider the Authority's lawsuit for specific
        performance relief – the appointment of an umpire.  The Authority
        failed to plead any waiver of the Risk Pool's immunity to the
        Authority's lawsuit.  Did the trial court err in denying the Risk Pool's
        plea to the jurisdiction? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   2.   Because the Authority failed to engage in a pre-suit contractual dispute
        resolution procedure intended to resolve member objections to
        self-insurance coverage decisions, the Risk Pool also filed a plea in
        abatement seeking, in the alternative, to abate the lawsuit until the
        Authority complied with that pre-suit objection process.  Did the trial
        court err in denying the Risk Pool's plea in abatement? . . . . . . . . . . . . . 3

   3.   The trial court granted the Authority ultimate relief on a pretrial basis,
        without requiring compliance with the summary judgment procedures
        dictated by the Texas Rules of Civil Procedure. The Risk Pool
        objected.  Did the trial court err in granting the Authority ultimate
        relief on a pretrial basis, without requiring compliance with the
        summary judgment procedures mandated by the Texas Rules of Civil
        Procedure? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   A.   The Risk Pool -- A Governmental Unit
        With Immunity From Suit And From Liability . . . . . . . . . . . . . . . . . . . 4

B. The Authority and the Interlocal Agreement. . . . . . . . . . . . . . . . . . . . . . 5

C. The Authority's Self-Insurance Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . 6

D. Course of Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   1. The Authority's Lawsuit Against the Risk Pool . . . . . . . . . . . . . . . 7

   2. The Risk Pool's Plea to the Jurisdiction Challenged the Authority's Failure to Plead and Prove a Waiver of the Risk Pool's Governmental Immunity from Suit and From Liability. . . . . . . . . . 8

   3. The Risk Pool's Plea in Abatement Challenged the Authority's Failure to Comply With Contractual Pre-Suit Dispute Resolution Procedures. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

   4. The Risk Pool's Verified Answer Established that The Authority Filed Suit Without Satisfying Conditions Precedent. . . . . . . . . . . . . 8

   5. The Trial Court Summarily Granted the Authority Final Relief On A Pretrial Basis, Without Any Trial Procedure. . . . . . . . . . . . . . . . . 11

   6. The Authority Disregarded the Suspension of the "Order Selecting Umpire". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IV. SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

V. ARGUMENT & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

A. The Trial Court Erred in Denying the Risk Pool's Plea to the Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

   1. Plea To The Jurisdiction -- Standard of Review. . . . . . . . . . . . . . . 15

   2. Government Immunity from Suit -- General Principles. . . . . . . . . . 16

   3. The Risk Pool's Plea To The Jurisdiction Requires Dismissal of This Lawsuit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

iv

4. The Local Government Contract Claims Act Does Not Waive the Risk Pool's Immunity from the Authority's Lawsuit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

B. The Trial Court Erred in Denying the Risk Pool's Plea in Abatement . 22

C. The Trial Court Erred in Granting Ultimate Relief to the Authority on a Pretrial Basis, Without Requiring Compliance with Texas Procedural Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

VI. CONCLUSION & PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

APPENDIX

Tab A        Interlocal Agreement   (CR 71-76)

Tab B        Property Coverage Document    (CR 78-125)

Tab C        Order Selecting Umpire   (CR 284)

Tab D        The Local Government Contract Claims Act (the "Act")  (TEX. LOC. GOV'T CODE §§271.151, *et seq.*)  excerpts:

- Act §271.152

- Act §271.153

- Act §271.154

Tab E        Texas Government Code excerpts:

- TEX. GOV'T CODE §791.001

- TEX. GOV'T CODE §791.011(a)

- TEX. GOV'T CODE §311.034

# INDEX OF AUTHORITIES

Page(s)

*Cases*

*Associated Indem. Corp. v. CAT Contracting, Inc.*,
    964 S.W.2d 276 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Bland Indep. Sch. Dist. v. Blue*,
    34 S.W.3d 547 (Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Chevron Phillips Chem. Co. LP v. Kingwood Crossroads, L.P.*,
    346 S.W.3d 37 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) . . . . 25

*County of Cameron v. Brown*,
    80 S.W.3d 549 (Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*City of Houston v. Boyle*,
    148 S.W.3d 171 (Tex. App.—Houston [1st Dist.] 2004, no pet.) . . . . . . . 15

*City of Houston v. Jackson*,
    192 S.W.3d 764 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*City of Houston v. Swinerton Builders, Inc.*,
    233 S.W.3d 4 (Tex. App.—Houston [1st Dist.] 2007, no pet.) . . . . . . 18, 20

City of Mesquite v. PKG Contr., Inc.,
    263 S.W.3d 444 (Tex. App. —Dallas 2008, pet. denied) . . . . . . . . . . . . . 22

*City of Mission v. Cantu*,
    89 S.W.3d 795 (Tex. App.—Corpus Christi 2002, no pet.) . . . . . . . . . 16, 20

*Cunningham v. Parkdale Bank*,
    660 S.W.2d 810 (Tex. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Fed. Sign v. Tex. S. Univ.*,
    951 S.W.2d 401 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Gaddy v. Harris Cnty. Juvenile Bd.*,
    No. 01-88-00663-CV, 1989 Tex. App. LEXIS 319 (Tex. App.— Houston
    [1st Dist.] Feb. 23, 1989, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*In re CompleteRx, Ltd.*,
366 S.W.3d 318 (Tex. App.— Tyler 2012, orig. proceeding) . . . . . . . . . . 28

*Johnson v. State Farm Lloyds*,
204 S.W.3d 897 (Tex. App.—Dallas 2006), *aff'd*,
290 S.W.3d 886 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Lagow v. Hamon*,
384 S.W.3d 411 (Tex. App.—Dallas 2012, no pet.) . . . . . . . . . . . . . . . . . 22

*Missouri P. R. Co. v. Cross*,
501 S.W.2d 868 (Tex. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27, 28

*Nixon v. Mr. Prop. Mgmt.*,
690 S.W.2d 546 (Tex. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 26

*Nunn v. City of Vernon*,
No. 07-02-0486-CV, 2003 Tex. App. LEXIS 8464 (Tex. App.—Amarillo
Sept. 30, 2003, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Port Freeport v. RLB Contr., Inc.*,
369 S.W.3d 581 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) . . . . . 22

*Reata Constr. Corp. v. City of Dallas*,
197 S.W.3d 371 (Tex. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Robinson v. Univ. of Tex. Med. Branch at Galveston*,
171 S.W.3d 365 (Tex. App.—Houston [14th Dist.] 2005, no pet.) . . . 16, 20

*Santa Rosa Indep. Sch. Dist. v. Rigney Const. & Dev., LLC*,
No. 13-12-00627-CV, 2013 Tex. App. LEXIS 7275,
2013 WL 2949566 (Tex. App.—Corpus Christi
June 13, 2013, pet. denied) (mem. op.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*State v. Lueck*,
290 S.W.3d 876 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,
    852 S.W.2d 440 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Tex. Dep't of Parks & Wildlife v. Miranda*,
    133 S.W.3d 217 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

*Tex. Dep't of Transp. v. Jones*,
    8 S.W.3d 636 (Tex. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 20

*Tooke v. City of Mexia*,
    197 S.W.3d 325 (Tex. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 21

*Town of Flower Mound v. Rembert Enters., Inc.*,
    369 S.W.3d 465 (Tex. App.—Fort Worth 2012, pet. denied) . . . . . . . . . . 18

*Wichita Falls State Hosp. v. Taylor*,
    106 S.W.3d 692 (Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Zachry Constr. Corp. v. Port of Houston Auth.*,
    2014 Tex. LEXIS 768, 57 Tex. Sup. Ct. J. 1378
    (Tex. Aug. 29, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 21

***Statutes & Rules***

TEX. GOV'T CODE §22.004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

TEX. GOV'T CODE §311.034 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 21

TEX. GOV'T CODE §791.001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. GOV'T CODE §791.011(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. GOV'T CODE §2259.031(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. LOC. GOV'T CODE §271.151 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

TEX. LOC. GOV'T CODE §271.152 . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19, 20, 21

TEX. LOC. GOV'T CODE §271.153 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19, 21

TEX. LOC. GOV'T CODE §271.154 . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20, 21, 22

TEX. LOC. GOV'T CODE §271.155 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

TEX. LOC. GOV'T CODE §271.156 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

TEX. LOC. GOV'T CODE §271.157 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

TEX. LOC. GOV'T CODE §271.158 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

TEX. LOC. GOV'T CODE §271.159 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

TEX. LOC. GOV'T CODE §271.160 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

TEX. R. CIV. P. 71 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

TEX. R. CIV. P. 166a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 27

TEX. R. CIV. P. 166a(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

TEX. R. CIV. P. 166a(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

TEX. R. CIV. P. 301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

### Miscellaneous Authorities

Op. Tex. Att'y Gen. No. MW-347 (May 29, 1981) . . . . . . . . . . . . . . . . . . . . . . 4

NO. 04–15–00069-CV

# In the Fourth Court of Appeals, San Antonio, Texas

Texas Municipal League Joint Self-Insurance Fund *a/k/a*
The Texas Municipal League Intergovernmental Risk Pool
*Appellant*
vs.

Housing Authority of the City of Alice, Texas
*Appellee*

Appeal from the 79th Judicial District Court
Jim Wells County, Texas, No. 14-10-53721-CV
The Honorable David Sanchez, Presiding Judge

## APPELLANT'S BRIEF

Appellant, the Texas Municipal League Joint Self-insurance Fund *a/k/a* The Texas Municipal League Intergovernmental Risk Pool ("Risk Pool"), respectfully requests that the Court reverse the "Order Selecting Umpire" final judgment that summarily: (a) denied the Risk Pool's plea to the jurisdiction, (b) denied the Risk Pool's plea in abatement, and (c) granted appellee Housing Authority of Alice, Texas (the "Authority") final relief without following proper trial procedures.[1]

---

[1] Clerks Record ("CR") 284 (Order Selecting Umpire). Copy at Appendix C (Order Selecting Umpire).

# I.
## STATEMENT OF THE CASE

*Nature of the Case:* This dispute concerns whether the trial court had jurisdiction to compel specific performance of an appraisal process embodied in a "Property Coverage Document" that is incorporated by reference in an "Interlocal Agreement" between the Authority and the members of the Risk Pool.

*Trial Court:* 79th Judicial District Court of Jim Wells County, Texas, Cause No. 14-10-53721-CV; the Honorable David Sanchez presiding as visiting judge.

*Course of Proceedings:* The Authority sued the Risk Pool, a governmental unit, to compel appointment of an umpire to participate in an appraisal process referenced in the "Property Coverage Document." The Authority did not sue the Risk Pool for a breach of contract or to recover damages.

The Risk Pool filed a plea to the trial court's jurisdiction based upon its government immunity from suit, asserting that the trial court lacked subject matter jurisdiction to consider the Authority's claim for specific performance relief – the appointment of an umpire.[2] The Risk Pool also filed a plea in abatement, seeking abatement of the action until the Authority complied with a pre-suit contractual dispute resolution procedure.[3] The Risk Pool objected to the trial court's procedure of granting relief to the Authority without requiring it to comply with the procedural requirements of the Texas rules.[4]

---

[2] CR 61-125 (Texas Municipal League Joint Self-Insurance Fund's Plea to the Jurisdiction and Plea in Abatement).

[3] *Id.*

[4] CR 198-202 (Texas Municipal League Joint Self-Insurance Fund's Response And Objection To The Alice Housing Authority's "Hearing To Appoint Umpire For Insurance Appraisal").

2

*Trial Court Disposition:* After a single oral hearing and without requiring the Authority to file a written motion or other request for relief, the presiding judge signed an "Order Selecting Umpire" that, among other things: (a) denied the Risk Pool's plea to the jurisdiction, (b) denied the Risk Pool's plea in abatement, and (c) appointed "Terry Shamsie" as the umpire for an appraisal to occur under the Risk Pool's Property Coverage Document.[5/] The "Order Selecting Umpire" stated that "[t]his judgment disposes of all parties and all claims and is appealable."[6/]

The Risk Pool timely filed its Notice of Appeal, invoking this Court's appellate jurisdiction.[7/]

## II.
### ISSUES PRESENTED

1. Because it is a governmental unit with retained governmental immunity from suit and liability, the Risk Pool filed a plea to the trial court's jurisdiction, asserting that the trial court lacked subject matter jurisdiction to consider the Authority's lawsuit for specific performance relief – the appointment of an umpire. The Authority failed to plead any waiver of the Risk Pool's immunity to the Authority's lawsuit. Did the trial court err in denying the Risk Pool's plea to the jurisdiction?

2. Because the Authority failed to engage in a pre-suit contractual dispute resolution procedure intended to resolve member objections to self-insurance coverage decisions, the Risk Pool also filed a plea in abatement seeking, in the alternative, to abate that lawsuit until the Authority complied with that pre-suit objection process. Did the trial court err in denying the Risk Pool's plea in abatement?

3. The trial court granted the Authority ultimate relief on a pretrial basis, without requiring compliance with the summary judgment procedures dictated by the Texas Rules of Civil Procedure. The Risk Pool objected.

---

[5/] CR 284 (Order Selecting Umpire).

[6/] *Id.*

[7/] CR 285-286 (Notice of Appeal).

3

Did the trial court err in granting the Authority ultimate relief on a pretrial basis, without requiring compliance with the summary judgment procedures mandated by the Texas Rules of Civil Procedure?

## III.
### STATEMENT OF FACTS

**A.    The Risk Pool -- A Governmental Unit With Immunity From Suit And From Liability.[8]**

The Legislature has expressly authorized local governmental entities to establish self-insurance risk pools to administer the self-insurance coverage of the member entities in order "to protect the governmental unit and its officers, employees, and agents, from any insurable risk or hazard."[9]   Under the Texas Interlocal Cooperation Act, local governments are empowered to contract with one another through interlocal agreements to pool their resources and collectively self-insure against insurable risks and hazards.[10]

The Risk Pool is one such self-insurance pool, formed pursuant to the Texas Interlocal Cooperation Act.[11] The Risk Pool has over 2,600 political subdivisions as its members, including airport authorities, mental health /mental retardation agencies, cities, municipal utility districts, conservation & reclamation districts, navigation

---

[8]   This subsection is supported by verified pleadings at CR 61-125 (Texas Municipal League Joint Self-Insurance Fund's Plea to the Jurisdiction and Plea in Abatement at pp. 2-4).

[9]   TEX. GOV'T CODE §2259.031(a).

[10]   *See id;*  TEX. GOV'T CODE at §791.001, 791.011(a); Op. Tex. Att'y Gen. No. MW-347 (May 29, 1981).

[11]   CR 127- 129, 135 (Texas Municipal League Joint Self-Insurance Fund's Original Answer at ¶¶ 3-6, verification).

4

districts, councils of government, public utility boards, downtown management & improvement districts, river authorities, drainage districts, tax appraisal districts, fire districts/emergency service districts, transit authorities, flood control districts, water & irrigation districts, hospital districts, 911 districts, housing authorities and library districts.[12/]

The document that establishes the liability and property self-insurance program is called the Liability/Property Interlocal Agreement (the "Interlocal Agreement").[13/] Under the Interlocal Agreement, the Risk Pool's members appoint the Risk Pool staff and its contractors as their agents to act on all matters pertaining to processing and handling claims.[14/] Under the Interlocal Agreement, the "exact detail" of the self-insurance coverage afforded to Risk Pool members from time to time is set forth in the "Property Coverage Document," the "Declarations of Coverage," and the "Endorsements," which are incorporated into the Interlocal Agreement.[15/]

## B. The Authority and the Interlocal Agreement.

The Authority and the Risk Pool both executed the Interlocal Agreement in May 1994.[16/] Under the Interlocal Agreement, the term of the agreement between the

---

[12/] *Id.*

[13/] Appendix A (Interlocal Agreement).

[14/] Appendix A (Interlocal Agreement ¶11).

[15/] Appendix A (Interlocal Agreement ¶¶ 1(f), 3); Appendix B (Property Coverage Document).

[16/] Appendix A (Interlocal Agreement at p.6).

Risk Pool and the Authority "shall be continuous commencing 12:01 a.m. on the date designated in this Agreement [May 13, 1994] until terminated as provided below [in the Interlocal Agreement]."[17]

## C.    The Authority's Self-Insurance Claim.

In May 2014, the Authority reported that it had sustained damage to certain of its scheduled properties during a May 27, 2014 wind and hail storm.[18]  Promptly thereafter, the Risk Pool began assessing the Authority's potential loss and retained an outside independent adjuster who inspected approximately 128 Authority buildings.[19]  After the Authority's properties were inspected by the Risk Pool's adjuster, the Risk Pool delivered payment to the Authority in the amount of $429,143.72, representing payment of the full Actual Cash Value, less an applicable $1,000 deductible.[20]

Under the Property Coverage Document, the Authority was required to "render a signed and sworn proof of loss . . . within 60 days, stating the place, time, and cause of the loss damage or expense, the interest of the Member and of all others, the value

---

[17]  Appendix A (Interlocal Agreement at ¶ 5).

[18]  CR 8-9, 48-53 (Application for the Appointment of an Umpire at ¶¶ 3-4, Exh B, Exh C); CR 129-130 (Texas Municipal League Joint Self-Insurance Fund's Original Answer at ¶¶ 7-12).

[19]  CR 129-130 (Texas Municipal League Joint Self-Insurance Fund's Original Answer at ¶¶ 7-12).

[20]  *Id.*; CR 51-53 (Application for the Appointment of an Umpire at Exh C)

6

of the property involved in the loss and the amount of loss, damage or expense."[21] As of July 26, 2014, which was 60 days after the Authority's alleged May 27, 2014 loss, the Authority had not submitted a sworn proof of loss to support any claim for additional self-insurance benefits.[22]

On August 29, 2014, the Authority's litigation counsel submitted a document titled "Sworn Statement in Proof of Loss," claiming a loss in the amount of "at least $3.5 million."[23]

Three business days later, on September 3, 2014, and before the Risk Pool had responded to the untimely "Sworn Statement in Proof of Loss" for "at least $3.5 million," the Authority's litigation counsel sent a demand to the Risk Pool purporting to invoke the "Appraisal" process contained in the Property Coverage Document.[24]

## D.    Course of Proceedings.

### 1.    The Authority's Lawsuit Against the Risk Pool.

The Authority filed its plaintiff's original petition on October 1, 2014.[25] That original petition was styled as an "Application for the Appointment of an Umpire" and

---

[21]  Appendix B (Property Coverage Document at p. 4, *GENERAL CONDITIONS*, ¶IV(D), PROOF OF LOSS).

[22]  CR 131-133, 135 (Texas Municipal League Joint Self-Insurance Fund's Original Answer at ¶¶ 15-16, Verification).

[23]  CR 8-9, 48-53 (Application for the Appointment of an Umpire at ¶¶ 3-4, Exh B, Exh C)

[24]  *Id.*; CR 129-130 (Texas Municipal League Joint Self-Insurance Fund's Original Answer at ¶¶ 7-12).

[25]  CR 8-47 (Application for the Appointment of an Umpire).

7

it sued only for the appointment of an appraisal umpire, purportedly pursuant to the terms of the Property Coverage Document.[26/] It did not sue for breach of contract or for damages.

**2. The Risk Pool's Plea to the Jurisdiction Challenged the Authority's Failure to Plead and Prove a Waiver of the Risk Pool's Governmental Immunity from Suit and From Liability.**

On October 31, 2014, the Risk Pool filed a plea to the trial court's jurisdiction, asserting that the trial court lacked subject matter jurisdiction to consider the Authority's lawsuit to compel the appointment of an umpire.[27/]

**3. The Risk Pool's Plea in Abatement Challenged the Authority's Failure to Comply With Contractual Pre-Suit Dispute Resolution Procedures.**

Subject to its plea to the jurisdiction, the Risk Pool also filed a plea in abatement seeking, in the alternative, to abate that lawsuit until the Authority had complied with the Interlocal Agreement's pre-suit process for resolving member objections to self-insurance coverage decisions.[28/]

**4. The Risk Pool's Verified Answer Established that The Authority Filed Suit Without Satisfying Conditions Precedent.**

Subject to both its plea to the jurisdiction and plea in abatement, the Risk Pool answered the Authority's lawsuit with verified denials establishing the Authority's

---

[26/] *Id.*

[27/] CR 61-125 (Texas Municipal League Joint Self-Insurance Fund's Plea to the Jurisdiction and Plea in Abatement).

[28/] *Id.*

8

failure to satisfy various conditions precedent to filing suit against, or recovering relief from, the Risk Pool under the Interlocal Agreement and Property Coverage Document.[29] Those verified denials, which the Authority neither addressed nor challenged in the trial court, established that the Authority had failed to provide multiple required notices and failed to satisfy multiple conditions precedent:[30]

(a) The Authority failed timely to submit a sworn proof of loss within 60 days after the loss;[31]

(b) The Authority failed to establish that the claimed losses were caused solely by covered perils and are not excluded under the terms of the Property Coverage Document;

(c) The Authority failed timely to submit a sworn proof of loss complying with the requirements under the Property Coverage Document stating the total loss claimed;

(d) The Authority failed timely to object or to notify the Pool that it did not agree with the self-insurance amounts received by the Authority;

(e) The Authority failed to initiate the Board of Trustees objection process required under the Interlocal Agreement, to the extent it objected to the amount of self-insurance proceeds that should be paid for its loss;[32]

---

[29] CR 126-191 (Texas Municipal League Joint Self-Insurance Fund's Original Answer).

[30] The Risk Pool's verified denials corresponding to each of the following items are found at CR 131-135 (Texas Municipal League Joint Self-Insurance Fund's Original Answer at ¶¶ 15-16, Verification).

[31] Appendix B (Property Coverage Document at *GENERAL CONDITIONS*, ¶IV(D), PROOF OF LOSS ("It shall be necessary for the Member to render a signed and sworn proof of loss to the Fund [Risk Pool] or its appointed representative, within 60 days, stating the place, time, and cause of the loss, damage, or expense, the interest of the Member and of all others, the value of the property involved in the loss, and the amount of loss, damage or expense." )).

[32] Appendix A (Interlocal Agreement at ¶11 ("The Board shall hear the objections of the Pool Member at its next regularly scheduled meeting and its decision will be final and binding on all parties.")).

(f) The Authority failed to provide the timely and adequate notice of loss of its claims or of any additional claims, as required under the Property Coverage Document;[33/]

(g) The Authority failed to satisfy or comply with the Property Coverage Document's "no action" clause;[34/]

(h) The Authority failed to satisfy or comply with the Property Coverage Document's requirement that the Authority assist and cooperate with the Risk Pool;[35/] and

(i) The Authority failed to provide timely and adequate notice of any additional claimed loss as required under the Property Coverage Document.[36/]

In short, the appraisal provision in the Property Coverage Document on which the Authority's "Application for Appointment of an Umpire" was based, can only be triggered after the Authority has timely submitted a sworn proof of loss and a later disagreement arises between the Authority and the Risk Pool regarding the amount of the loss stated in a timely sworn proof of loss. Because the Authority did not comply with the condition precedent of filing a timely sworn proof of loss, among others, the Risk Pool's position below was that the Authority had no right to compel specific

---

[33/] Appendix B (Property Coverage Document at *GENERAL CONDITIONS*, ¶IV(A), NOTICE OF LOSS).

[34/] Appendix B (Property Coverage Document at *GENERAL CONDITIONS*, ¶IV(I), SUIT AGAINST THE FUND ("No suit or action on this [Property Coverage Document] for the recovery of any claim shall be sustainable in any court of law or equity unless [the Authority] shall have fully complied with all the requirements of this Agreement.")).

[35/] Appendix B (Property Coverage Document at *GENERAL CONDITIONS*, ¶IV(B), ASSISTANCE AND COOPERATION OF THE FUND MEMBER).

[36/] Appendix B (Property Coverage Document at *GENERAL CONDITIONS*, ¶IV(A), NOTICE OF LOSS).

10

performance of an appraisal under the Property Coverage Document.[37/]

**5.    The Trial Court Summarily Granted the Authority Final Relief On A Pretrial Basis, Without Any Trial Procedure.**

The Authority never filed a written motion in the trial court.[38/] A review of the Clerk's Record confirms that the only documents that the Authority filed in the trial court were (a) an original petition that was styled as an "Application for the Appointment of an Umpire," and (b) a proposed order granting all of the relief requested in its original petition.[39/]

Notwithstanding the failure by the Authority to file any written motion, in early November 2014 the Risk Pool received a "notice of setting" indicating that the trial court had set an oral "Hearing to Appoint Umpire for Insurance Appraisal."[40/]

In late November 2014, after trial court notices indicated that the court would consider granting ultimate relief to the Authority on a pretrial basis, without requiring it to comply with Texas procedural law for obtaining pretrial relief, the Risk Pool filed a written objection to that proposed procedure.[41/]

When the "Hearing to Appoint Umpire for Insurance Appraisal" ultimately

---

[37/] CR 126-191 (Texas Municipal League Joint Self-Insurance Fund's Original Answer).

[38/] *See*, *generally*, CR 1-296

[39/] *See id. See*, *e.g*., CR 8-47 (Application for the Appointment of an Umpire) and CR 276 (Authority's proposed "Order Selecting Umpire").

[40/] Supplemental Clerks Record ("Suppl CR") Suppl CR at 6; CR at 194, 207-209.

[41/] CR 198-202 (Texas Municipal League Joint Self-Insurance Fund's Response And Objection To The Alice Housing Authority's "Hearing To Appoint Umpire For Insurance Appraisal").

11

took place on December 12, 2014 before visiting Judge David Sanchez, the Authority offered previously-undisclosed live testimony and exhibits, and the Risk Pool repeated its earlier-filed objections to the Authority's failure to comply with summary judgment procedures and to the admission of that untimely and incompetent evidence.[42] At the same hearing, the visiting judge also considered the Risk Pool's plea to the jurisdiction and plea in abatement.[43] Judge Sanchez did not rule from the bench.

In January 2015, Judge Sanchez signed the Authority's form order, which was titled "Order Selecting Umpire."[44] The "Order Selecting Umpire": (a) denied the Risk Pool's plea to the jurisdiction, (b) denied the Risk Pool's plea in abatement, (c) appointed "Terry Shamsie" as the umpire for an appraisal to occur under the Risk Pool's Property Coverage Document, and (d) concluded that "[t]his judgment disposes of all parties and all claims and is appealable."[45]

The Risk Pool timely filed its Notice of Appeal,[46] which properly invoked this Court's appellate jurisdiction and suspended the "Order Selecting Umpire."

---

[42] RR 7:24 - 8:20; 9:10-22; 22:25 - 23:11; 40:22 - 43:14.

[43] CR at 194, 207-209 (hearing notices); *see*, *generally*, RR 1-75.

[44] *Compare* CR 276 (Authority's proposed "Order Selecting Umpire"), *with* CR 284 ("Order Selecting Umpire"). The trial court signed the authority's proposed order, without amendment.

[45] CR 284 ("Order Selecting Umpire").

[46] CR 285-286 (Notice of Appeal).

**6. The Authority Disregarded the Suspension of the "Order Selecting Umpire".**

Disregarding this pending appeal and the resulting suspension of the "Order Selecting Umpire," the Authority recently disclosed that it has conducted an *ex parte* appraisal proceeding with the umpire appointed in the "Order Selecting Umpire." The Authority has also filed a new, second lawsuit in the 79th District Court of Jim Wells County, seeking the entry of a judgment based upon its *ex parte* appraisal award against the Risk Pool.

Ancillary to this appeal, the Risk Pool responded by filing a petition for writ of injunction with this Court at No. 04-15-00201-CV, *In re Texas Municipal League Joint Self-Insurance Fund a/k/a The Texas Municipal League Intergovernmental Risk Pool*, in the Fourth Court of Appeals, Texas. On April 10, 2015, the Court denied the Risk Pool's petition. The Court has not yet issued its opinion. The Risk Pool renews its request that this Court enjoin the Authority from taking actions based upon the "Order Selecting Umpire" that is the subject of this appeal.

**IV.**
**SUMMARY OF ARGUMENT**

The Authority sued the Risk Pool to compel specific performance of an appraisal process contained in the "Property Coverage Document" that is incorporated by reference into the Interlocal Agreement. But the Risk Pool is a governmental unit with retained governmental immunity from suit and immunity from liability from such

13

claims. The Authority's suit therefore should be dismissed due to the lack of subject matter jurisdiction, because:

- The Authority's pleadings do not contain any allegations which, if true, would affirmatively demonstrate any waiver of the Risk Pool's immunity from suit, a prerequisite for the court to have subject-matter jurisdiction over the Authority's claim.

- Any amendment of the Authority's pleadings would be futile because, as a matter of law, the Risk Pool's governmental immunity from suit is not waived for a claim seeking specific performance of a contractual provision against the Risk Pool.

Additionally, the Interlocal Agreement contains a pre-suit contractual dispute resolution procedure intended to resolve objections its members may have to Risk Pool self-insurance coverage decisions. It is undisputed that the Authority has not complied with that procedure. The pre-suit objection procedure in the Interlocal Agreement is a condition precedent to any suit against the Risk Pool and the Authority's failure to comply with that procedure requires that, if the Authority's lawsuit is not dismissed, it must at least be abated.

Finally, and in the alternative, the trial court granted the Authority ultimate relief on a pretrial basis, without requiring it to comply with the summary judgment procedures dictated by the Texas Rules of Civil Procedure. Because the Texas Rules of Civil Procedure have the same force and effect as statute, the trial court's grant of ultimate relief in disregard of those protective procedural rules was error and an abuse of the trial court's discretion.

# V.
## ARGUMENT & AUTHORITIES

A.   **The Trial Court Erred in Denying the Risk Pool's Plea to the Jurisdiction.**

1.   **Plea To The Jurisdiction -- Standard of Review.**

A district court must have jurisdiction over the subject matter of a lawsuit before it may address its merits.  *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 442-44 (Tex. 1993).  The plaintiff has the burden to plead and prove the existence of subject matter jurisdiction.[47/]

A plea to the jurisdiction contests a district court's authority to decide all or some of the issues in a case.  *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).  In deciding a plea to the jurisdiction, the court is not required to look solely to the pleadings but may consider evidence and *must* do so when necessary to resolve the jurisdictional issues raised.  *Id.* at 555; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-227 (Tex. 2004).  Whether a trial court possesses subject matter jurisdiction is a question of law that is evaluated on appeal under a *de novo* standard of review.  *Miranda*, 133 S.W.3d at 226.

As a threshold matter, a plaintiff's petition must allege facts which, if true, demonstrate the existence of subject-matter jurisdiction.  *Tex. Ass'n of Bus.*, 852

---

[47/]   *See City of Houston v. Boyle*, 148 S.W.3d 171, 176 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("burden is on the plaintiff to establish subject-matter jurisdiction by showing that the entity has waived immunity from suit").

S.W.2d at 446. Where, as here, a plaintiff seeks to bring suit within a waiver of governmental immunity from suit, its pleading must: (1) allege legislative consent to such suit, either by reference to a statute waiving immunity or express legislative permission; and (2) plead facts which fall within the scope of the waiver relied on. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) ("The party suing the governmental entity must establish the state's consent, which may be alleged either by reference to a statute or to express legislative permission.").[48/]

## 2. Government Immunity from Suit -- General Principles.

Government immunity protects government entities from suits absent legislative consent. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex. 2003); *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374-75 (Tex. 2006). Because a waiver of governmental immunity "may hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes," the Texas Supreme Court has held that

---

[48/] *See also Robinson v. Univ. of Tex. Med. Branch at Galveston*, 171 S.W.3d 365, 369 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("[Plaintiff Robinson] further failed to plead or prove that the legislature consented to suit in the form of a statute or resolution. As a result, Robinson's contract claim must fail"); *City of Mission v. Cantu*, 89 S.W.3d 795, 801-02 (Tex. App.—Corpus Christi 2002, no pet.) ("[T]he mere invocation of the [Tort Claims] Act in a petition does not in itself waive sovereign immunity and confer jurisdiction on the trial court. Rather, the claim raised must fall within the specific scope of the waiver of immunity provided by the Act and so affirmatively demonstrate the trial court's jurisdiction to hear the case.").

16

any such waiver must be "clearly and unambiguously stated." *Reata*, 197 S.W.3d at 375.[49/]

### 3. The Risk Pool's Plea To The Jurisdiction Requires the Dismissal of This Lawsuit.

The Risk Pool contested the sufficiency of the Authority's jurisdictional allegations, because there were none,[50/] and it submitted evidence below that disproves conclusively the possibility of any allegations upon which jurisdiction might be based to pursue a specific performance claim. Where, as is true here, "the plaintiffs' factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction." *Miranda*, 133 S.W.3d at 227.

The Authority's lawsuit asserts a single claim for specific performance to enforce its interpretation of an appraisal provision in the Property Coverage Document. The trial below should have granted and this Court should grant the Risk Pool's jurisdictional plea to the Authority's lawsuit, because: (1) the Authority's pleadings contain no allegations which, if true, would affirmatively demonstrate that

---

[49/] *See* TEX. GOV'T CODE §311.034 ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language . . ."). Statutes waiving governmental immunity are therefore "strictly construed," *City of Houston v. Jackson*, 192 S.W.3d 764, 770 (2006), and Texas courts "generally resolve ambiguities by retaining immunity." *Wichita Falls State Hosp.*, 106 S.W.3d at 697.

[50/] CR 8-47 (Application for the Appointment of an Umpire).

the Risk Pool's immunity from suit has been waived, and that the Court has subject-matter jurisdiction over the Authority's claims;[51/] and (2) any amendment of the Authority's pleadings would be futile because, as a matter of law, the Risk Pool's governmental immunity from suit cannot be waived for a claim seeking specific performance of a contractual provision.[52/]

Due to these incurable jurisdictional defects, the Authority's lawsuit, which sues only for a court-ordered appointment of an appraisal umpire, should be dismissed for want of jurisdiction.[53/]

---

[51/] CR 8-47 (Application for the Appointment of an Umpire).

[52/] *Cf. Town of Flower Mound v. Rembert Enters., Inc.*, 369 S.W.3d 465, 475 (Tex. App.—Fort Worth 2012, pet. denied) ("In contrast, declaratory-judgment suits against state officials seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities are suits against the State," and "cannot be maintained without legislative permission."). Although nowhere invoked by the Authority in its pleadings, TEX. LOC. GOV'T CODE § 271.152 only waives governmental immunity for a breach of contract cause of action that seeks to recover the specified types of damages listed in § 271.153 of that statute. *See, generally, Zachry Constr. Corp. v. Port of Houston Auth.*, 2014 Tex. LEXIS 768, *25, 57 Tex. Sup. Ct. J. 1378 (Aug. 29, 2014) ("We conclude that the Act does not waive immunity from suit on a claim for damages not recoverable under Section 271.153."); *City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 12 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("In reading a statute, we give effect not only to the terms used, but the terms that the legislature chose not to use in construing a statute. [ ] The statute limits the waiver by stating that the entity 'waives sovereign immunity to suit for the purpose of adjudicating the claim *for breach of the contract.*' TEX. LOC. GOV'T CODE ANN. § 271.152. It lists no other claims, either in law or in equity. The plain language of the statute limits the waiver to the contract cause of action."); *Tooke v. City of Mexia*, 197 S.W.3d 325, 346 (Tex. 2006) ("As previously stated, the [plaintiffs] do not claim damages within [TEX. LOC GOV'T CODE §271.153's] limitations. Their only claim is for lost profits, which are consequential damages excluded from recovery under the statute. [ ] Consequently, we conclude that the City's immunity from suit on the Tookes' claim has not been waived."). The contract claim that the Authority has asserted does not seek the recovery of one of the remedies permitted by TEX. LOC. GOV'T CODE § 271.153, as matter of law.

[53/] *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) ("When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate

(continued...)

18

**4.     The Local Government Contract Claims Act Does Not Waive the Risk Pool's Immunity from the Authority's Lawsuit.**

During the December 12, 2014  "Hearing to Appoint Umpire for Insurance Appraisal," the Authority orally argued, for the first time, that the Risk Pool's immunity from the Authority's lawsuit is somehow waived by §271.154 of the Local Government Contract Claims Act (the "Act").[54]

The Act is found at TEX. LOC. GOV'T CODE §§271.151-160.  Section 271.154 of the Act states:

> TEX. LOCAL GOV'T CODE § 271.154.   Contractual Adjudication Procedures Enforceable – Adjudication procedures, including requirements for serving notices or engaging in alternative dispute resolution proceedings before bringing a suit or an arbitration proceeding, that are stated in the contract subject to this subchapter or that are established by the local governmental entity and expressly incorporated into the contract or incorporated by reference are enforceable except to the extent those procedures conflict with the terms of this subchapter. (emphasis added)

The Authority orally argued that Section 271.154 waived the  Risk Pool's immunity from the Authority's lawsuit.  That argument is incorrect.

First, the Authority's pleadings do not refer to either the Act or to Section 271.154 and assert that any waiver of  the Risk Pool's  immunity exists.  For that

---

[53]  (...continued)
incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. [ ]  On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend."(citations omitted)).

[54]  *See*, *e.g*., RR 16:8-11.

matter, the Authority's pleadings do not even mention the Risk Pool's governmental immunity. The Authority's failure to plead (or even mention) any would-be waiver of the Risk Pool's immunity is fatal to the Authority's lawsuit.[55/] Further, the "Order Selecting Umpire" final judgment is erroneously unsupported by the pleadings. [56/]

Second, the Act expressly states that it "waives sovereign immunity to suit **for the purpose of adjudicating a claim for breach of the contract** . . ." TEX. LOC. GOV'T CODE § 271.152. Because the Authority has not sued the Risk Pool asserting a breach of contract claim, nothing in the Act, including Section 271.154, results in any waiver of the Risk Pool's immunity to suit.[57/]

---

[55/] In a *per curiam* opinion, the Texas Supreme Court has stated that, "[t]he party suing the governmental entity must establish the state's consent, *which may be alleged* either by reference to a statute or to express legislative permission." *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam) (emphasis added). Consistent with this clear pronouncement, the Texas Supreme Court has required plaintiffs to plead satisfaction of the elements of statutes giving rise to would-be waivers of immunity. *See*, *e.g.*, *State v. Lueck*, 290 S.W.3d 876, 884 (Tex. 2009) (finding that elements of Whistleblower Act "must be included within the pleadings" so that the court can determine whether the plaintiff has sufficiently alleged a violation that falls within the Whistleblower Act's waiver of immunity). *Cf. Robinson v. Univ. of Tex. Med. Branch at Galveston*, 171 S.W.3d 365, 369 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("[Plaintiff Robinson] further failed to plead or prove that the legislature consented to suit in the form of a statute or resolution. As a result, Robinson's contract claim must fail"); *City of Mission v. Cantu*, 89 S.W.3d 795, 801-02 (Tex. App.—Corpus Christi 2002, no pet.) ("[T]he mere invocation of the [Tort Claims] Act in a petition does not in itself waive sovereign immunity and confer jurisdiction on the trial court. Rather, the claim raised must fall within the specific scope of the waiver of immunity provided by the Act and so affirmatively demonstrate the trial court's jurisdiction to hear the case.").

[56/] *See Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983) ("Further, a judgment must be supported by the pleadings and, if not so supported, it is erroneous. [ ] Thus, a party may not be granted relief in the absence of pleadings to support that relief."); TEX. R. CIV. P. 301.

[57/] *City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 12 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("In reading a statute, we give effect not only to the terms used, but the terms that the legislature chose not to use in construing a statute. [ ] The statute limits the waiver by stating

(continued...)

20

Third, Section 271.154 expressly states that its provisions are unenforceable to the extent that they conflict with the other terms of the Act. The Texas Supreme Court recently confirmed that the Act only waives governmental immunity for a breach of contract claim that seeks one of the specified remedies authorized in Section 271.153 of the Act.[58] Because the relief the Authority's seeks – the judicial appointment of an umpire– is not one of the remedies authorized by Section 271.153 of the Act, the Act does not waive the Risk Pool's governmental immunity – and Section 271.154 does not effect any such waiver.

Fourth, sovereign immunity from suit may be waived only by "clear and unambiguous" statutory language.[59] Section 271.154 of the Act contains no express waiver of immunity, much less any "clear and unambiguous" waiver of immunity.

Fifth, the Authority has not cited any legal precedent stating that Section 271.154 results in any waiver of immunity.[60] To the contrary, the various legal

---

[57] (...continued)
that the entity 'waives sovereign immunity to suit for the purpose of adjudicating the claim *for breach of the contract.*' TEX. LOC. GOV'T CODE ANN. § 271.152. It lists no other claims, either in law or in equity. The plain language of the statute limits the waiver to the contract cause of action.")

[58] *Zachry Constr. Corp. v. Port of Houston Auth.*, 2014 Tex. LEXIS 768, *25, 57 Tex. Sup. Ct. J. 1378 (Aug. 29, 2014) ("We conclude that the Act does not waive immunity from suit on a claim for damages not recoverable under Section 271.153.").

[59] *Tooke v. City of Mexia,* 197 S.W.3d 325, 332-3 (Tex. 2006); *see* TEX. GOV'T CODE § 311.034 ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

[60] The *Zachary Constr* case did not analyze Section 271.154 and did not find that Section 271.154 is capable of waiving governmental immunity. *See Zachry Constr,* 2014 Tex. LEXIS 768.

21

authorities which have discussed Section 271.154 have "reached the same conclusion that section 271.154 does not have jurisdictional effect."[61]

## B.     The Trial Court Erred in Denying the Risk Pool's Plea in Abatement.

An appellate court reviews a trial court's action in granting or denying a plea in abatement under an abuse of discretion standard.[62] A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles.[63]

The Interlocal Agreement contains a pre-suit contractual dispute resolution procedure intended to resolve objections its members may have to Risk Pool self-insurance coverage decisions:

> "The Fund agrees to handle all . . . property claims . . . covered under this Agreement . . . . All decisions on individual cases shall be made by the Fund through the Fund staff and the Contractors . . . . However, any Pool Member shall have the right in any case to consult with the Fund on any decision made by the Fund staff or Contractors. **The Board shall hear the objections of the Pool Member at its next regularly scheduled meeting and its decision will be final and binding on all parties.**"[64]

---

[61] *Santa Rosa Indep. Sch. Dist. v. Rigney Const. & Dev., LLC*, Cause No. 13-12-00627-CV, 2013 Tex. App. LEXIS 7275, *12-15, 2013 WL 2949566, at *5 (Tex. App.--Corpus Christi June 13, 2013, pet. denied) (mem. op.) (citing *Port Freeport v. RLB Contr., Inc.*, 369 S.W.3d 581, 589-592 (Tex. App.--Houston [1st Dist.] 2012, pet. denied) and *City of Mesquite v. PKG Contr., Inc.*, 263 S.W.3d 444, 447-448 (Tex. App.--Dallas 2008, pet. denied)).

[62] *Lagow v. Hamon*, 384 S.W.3d 411, 418 (Tex. App.--Dallas 2012, no pet.).

[63] *Id.*

[64] Appendix A (Interlocal Agreement at ¶11).

22

It is undisputed that the Authority did not submit any objection to the Risk Pool Board regarding the amount of the self-insurance benefits payable to the Authority under the Interlocal Agreement.[65/]

The pre-suit objection procedure in the Interlocal Agreement is a condition precedent to suit and the Authority's failure to comply with that procedure requires that, if this suit were not dismissed, it must be abated. *See, e.g, Nunn v. City of Vernon*, No. 07-02-0486-CV, 2003 Tex. App. LEXIS 8464, \*4-\*7 (Tex. App.-- Amarillo Sept. 30, 2003, no pet.) (plaintiff's failure to submit claim dispute to city insurance fund's trustees rendered suit subject to abatement). In light of the Authority's failure to satisfy this condition precedent in the Interlocal Agreement, even if the Authority's suit were not dismissed, its claims must be abated until the Authority has complied with the objection process contained in the Interlocal Agreement.

In the trial court, the Authority did not respond to the Risk Pool's plea in abatement. Nevertheless, the trial court denied the Risk Pool's unopposed plea in abatement without explanation. Because that denial was unreasonable, arbitrary, and without reference to any guiding rules or principles, it was an abuse of discretion and reversible error.

---

[65/] And, in any event, the Authority's failure in this regard was established below by the Risk Pool's verified pleadings. *See* CR 131-135 (Texas Municipal League Joint Self-Insurance Fund's Original Answer at ¶¶ 15-16, Verification).

**C.** **The Trial Court Erred in Granting Ultimate Relief to the Authority on a Pretrial Basis, Without Requiring Compliance with Texas Procedural Law.**

TEX. R. CIV. P. 166a is the procedural rule that controls when a party moves for a pretrial judgment to recover "upon all or any part" of a claim. *Id.* Here, without filing a motion for summary judgment or, for that matter, filing any motion at all, the Authority set and the trial court conducted a "Hearing to Appoint Umpire for Insurance Appraisal." After that hearing, the trial court granted the ultimate relief the Authority sought in its Application – the appointment of an appraisal umpire.

Texas law does not permit the Authority, as movant, to deprive the Risk Pool of the procedural protections to which it is entitled under Rule 166a when responding to a motion that seeks a dispositive pretrial ruling. Specifically, under Rule 166a:

1. The movant is required to file a written motion stating the specific grounds for relief (TEX. R. CIV. P. 166a(c)). Here, the Authority filed no written motion to support its claim for pretrial judgment.

2. The movant must file and serve its written motion at least 21 days before the day of its summary judgment hearing (TEX. R. CIV. P. 166a(c)). Here, the Authority did not file and serve a written motion at all, much less serve one at least 21 days before the "Hearing to Appoint Umpire for Insurance Appraisal."

3. The movant must file and serve sworn affidavits and other competent summary judgment evidence at least 21 days before its summary judgment hearing (TEX. R. CIV. P. 166a(c), (f)). Here, the Authority had not filed and served any competent summary judgment evidence more than 21 days before the "Hearing to Appoint Umpire for Insurance Appraisal."

4. The movant may not offer live testimony at the summary judgment hearing TEX. R. CIV. P. 166a(c) ("No oral testimony shall be received at the

24

hearing.")  Here, the Authority offered and the trial court admitted, over the Risk Pool's objection, previously undisclosed exhibits and the live testimony of the Authority's own counsel at the "Hearing to Appoint Umpire for Insurance Appraisal."

5. The movant has the burden to adduce competent summary judgment evidence "showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law" (*Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex. 1985)).  Here, there was <u>no</u> competent summary judgment evidence before the Court that conclusively proved the essential elements of the Authority's specific performance claim:

   a. A party seeking specific performance must plead and prove that the **defendant breached the contract**. *Chevron Phillips Chem. Co. LP v. Kingwood Crossroads, L.P.*, 346 S.W.3d 37, 57-58 (Tex. App.--Houston [14th Dist.] 2011, pet. denied).  Here, the Authority submitted no competent summary judgment evidence that conclusively proved this essential element of its specific performance claim.

   b. A party seeking specific performance must plead and prove **compliance with the contract** including tender of performance. *Id.*  Here, the Authority had no pleadings to support this element of a specific performance claim and it failed to meet its burden to submit competent summary judgment evidence to conclusively establish this essential element of such a claim.

   c. A party seeking specific performance must plead and prove it was **ready, willing, and able to perform** at relevant times. *Id.*  Here, the Authority had no pleadings to support this element and it failed to meet its burden to submit competent summary judgment evidence to conclusively establish this essential element of its specific performance claim.

   d. A party seeking specific performance must plead and prove that it **satisfied all conditions precedent**. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 283 (Tex. 1998) ("A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation.").  Here, the Authority had no pleadings to support this element and it failed to meet its burden to submit competent summary judgment

evidence to conclusively establish this essential element of its specific performance claim.

6. The non-movant is entitled to the presumption that all "evidence favorable to the non-movant will be taken as true," and "[e]very reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor." (*Nixon,* 690 S.W.2d at 548-49). Here, the only evidence properly before the trial court was the Risk Pool's verified denials, asserting that the Authority has not satisfied conditions precedent, has not complied with the contract's terms, and has not provided the requisite notice and proofs of loss.[66/] Because this evidence favorable to the Risk Pool must be taken as true, the Authority could not prove and did not conclusively prove these essential elements of its specific performance claim, as a matter of law.

The Risk Pool objected, both in writing[67/] and at the "Hearing to Appoint Umpire for Insurance Appraisal,"[68/] to the Authority's multiple failures to comply with the requirements of Rule 166a. The Risk Pool requested that the trial court deny any relief which the Authority requested, based upon the fact that the requested hearing was in reality a misnamed and procedurally infirm motion for summary judgment. The Risk Pool also directed the trial court to controlling precedent on this very issue. *See*, *e.g.*, *Johnson v. State Farm Lloyds*, 204 S.W.3d 897, 899 n.1 (Tex. App.—Dallas 2006), *aff'd*, 290 S.W.3d 886 (Tex. 2009) (construing a "Motion to Compel Appraisal" as a motion for summary judgment, citing TEX. R. CIV. P. 71. and

---

[66/] CR 126-191(The Texas Municipal League Joint Self-insurance Fund's Original Answer at ¶¶ 15-16 and p. 10 (verification).)

[67/] CR 198-202 (Texas Municipal League Joint Self-Insurance Fund's Response And Objection To The Alice Housing Authority's "Hearing To Appoint Umpire For Insurance Appraisal").

[68/] RR 7:24 - 8:20; 9:10-22; 22:25 - 23:11; 40:22 - 43:14.

noting that, "we look to the substance of a pleading to determine its nature, not merely the title given to it.").[69]

The Legislature has vested the Texas Supreme Court with exclusive rulemaking authority over the practice and procedure in civil actions,[70] and that Court has made following observations about the force and effect of the Texas Rules of Civil Procedure:

> The Texas Rules of Civil Procedure have the same force and effect as statutes. They are to be given a liberal construction to the end of accomplishing their objective "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law . . . but they are not to be ignored by agreements of courts and counsel to operate contrary thereto and in violation thereof. Especially is this true when such agreements lead to unfair and harmful results to either or both litigants as in this case...

*Missouri P. R. Co. v. Cross*, 501 S.W.2d 868, 872-873 (Tex. 1973) (internal citations omitted, emphasis added). Notwithstanding this guiding principle of Texas law, the trial court granted ultimate relief to the Authority on a pretrial basis, without requiring

---

[69] *See also Gaddy v. Harris County Juvenile Bd.*, Cause No. 01-88-00663-CV, 1989 Tex. App. LEXIS 319, *4-*5 (Tex. App.--Houston [1st Dist.] Feb. 23, 1989, no writ) ("Under the misnomer of pleading rule, we could construe appellees' motion to dismiss as a motion for summary judgment. TEX. R. CIV. P. 71. Appellees, however, have not complied with the requirements for maintaining a summary judgment. Appellees did not file any sworn affidavits or other summary judgment proof. Without summary judgment proof, appellees could not establish that there was no genuine issue of fact and that they were entitled to judgment as matter of law. Further, TEX. R. CIV. P. 166a requires parties to file a summary judgment motion and give notice to opposing counsel at least 21 days before a hearing. Here, appellees filed their motion to dismiss on May 5, 1987, and the trial court dismissed the suit and entered a take-nothing judgment on May 23, 1987, a period of only 18 days.").

[70] *See* TEX. GOV'T CODE §22.004,

the Authority to comply with the Texas Rules of Civil Procedure cited above. This error should be corrected and reversed by this Court. *See id.*; *see also In re CompleteRx, Ltd.*, 366 S.W.3d 318, 324-325 (Tex. App.--Tyler 2012, orig. proceeding) ("For this court to relax the mandates of the rule would be tantamount to amending established rules of procedure. [ ] This rulemaking power is invested solely in the Supreme Court of Texas. [ ] Accordingly, we hold the trial court clearly abused its discretion when it granted Good Shepherd's motion for modification of [TEX. R. CIV. P. proscribed] time limits.").

## VI.
### CONCLUSION & PRAYER

Appellant Texas Municipal League Joint Self-insurance Fund *a/k/a* The Texas Municipal League Intergovernmental Risk Pool requests that this Court reverse the trial court's "Order Selecting Umpire" and dismiss the Authority's action or, alternatively, abate it, in the manner requested in the Risk Pool's Plea to the Jurisdiction and Plea in Abatement, and grant the Risk Pool such other and further relief, whether legal or equitable, to which it may show itself to be justly and equitably entitled.

28

Respectfully submitted,

By: /s/ Barry Abrams
    Barry Abrams
    State Bar No. 00822700
    Babrams@BlankRome.com
    Jack W. Higdon
    State Bar No. 24007360
    Jhigdon@BlankRome.com
    BLANK ROME LLP
    700 Louisiana, Suite 4000
    Houston, Texas 77002
    (713) 228-6601
    (713) 228-6605 (Fax)

ATTORNEYS FOR APPELLANT
TEXAS MUNICIPAL LEAGUE JOINT
SELF-INSURANCE FUND *A/K/A* THE TEXAS
MUNICIPAL LEAGUE INTERGOVERNMENTAL
RISK POOL

29

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), I certify that this brief complies with the type-volume restrictions of TEX. R. APP. P. 9.4(e), (i)(2)(B). Exclusive of the portions exempted by Rule 9.4(i)(1), this brief contains 7,110 words.

/s/ Barry Abrams
Barry Abrams

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was forwarded to the following counsel of record by email and United States First Class Mail, certified, return receipt requested, on April 16, 2015:

*Via Email & Certified Mail,*
*RRR No. 70071490000022311663*
Mr. Anthony Constant
CONSTANT LAW FIRM
One Shoreline Plaza
800 N. Shoreline Blvd, Suite 2700 South
Corpus Christi, Texas 78401
Fax: 361-887-8010

/s/ Barry Abrams
Barry Abrams

30